## STATE v. JACKSON.

1. EVIDENCE—CIRCUMSTANTIAL—CHARGE.—Construing the charge as a whole, the jury could not have failed to receive the impression, that the defendant could be convicted only in case they were convinced no theory of the circumstantial evidence could be adopted, which would produce reasonable doubt.

2. NEW TRIAL.—If there be any evidence to sustain a verdict, refusal of new trial will not be disturbed.

Before PURDY, J., Hampton, fall term, 1902.    Affirmed.

Indictment against Henry Jackson.    From sentence, defendant appeals.

*Messrs. W. S. Smith* and *Jno. S. Reynolds,* for appellant, cite: 3 Green. Ev., sec. 137; 1 Id., sec. 13a; 19 Id., 235; 6 S. C., 187; 15 S. C., 158; 7 S. C., 63; 3 S. C., 396.

*Assistant Attorney General Townsend,* contra (oral argument).

January 18, 1904.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    At the fall term, 1902, of the Court of General Sessions for Hampton County, the defendant was convicted of stealing a sheep.    In charging the jury, the presiding Judge said: "So far as circumstantial evidence is concerned, if it convinces your minds of the guilt of the defendant beyond a reasonable doubt, it is just as satisfactory evidence as any other evidence.    I charge you in reference to that, however, that when one seeks to convict on circumstantial evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt, and the circumstances must point to his guilt to the exclusion of any other reasonable hypothesis.    That means no more than this: Having carefully considered all the facts and circumstances, does your mind lead you, as reasonable men, to the conclusion that this defendant is guilty of the offense?    If it does, and your minds come to that conclusion from the surroundings in which he was placed, in reference to this matter, then it would be your duty to write a verdict of 'guilty.'    But if, after having calmly and carefully considered all the facts and circumstances of the case, you have a reasonable doubt—that is to say, if you can say, 'We ought not to find the defendant guilty because we have a reasonable doubt from the evidence of his guilt,' then you will say, 'not guilty,' because he is entitled to the benefit of every reasonable doubt.    The State makes out its case beyond a reasonable doubt, and then on the whole case as made out by the State and the defendant, he is entitled to such doubt."

There are several exceptions to the charge, but the only question raised is whether in the latter part of the passage quoted, the presiding Judge withdrew from the jury the proposition that conviction should not be based on circumstantial evidence, unless it is strong enough to exclude every other reasonable hypothesis than guilt.    Where circumstantial evidence is relied on, the absence of reasonable doubt implies impossibility of explaining the evidence on any reasonable hypothesis of innocence..    The effect of evidence

not being sufficient to exclude every other reasonable hypothesis than guilt, is to leave doubt of guilt more or less strong, according to the circumstances of the particular case. Taking all the language here used together, the jury could not have failed to receive the impression, the accused could be convicted only in case they were convinced no theory of the testimony could be adopted which could produce reasonable doubt. It is manifest this is the true view of the law. If the defendant thought the statement not sufficiently clear, he should have asked from the Court more specific instructions. *State* v. *Milling,* 35 S. C., 16; *State* v. *Davenport,* 38 S. C., 348, 17 S. E., 37.

A careful examination of the record does not lead to the conclusion that there was no evidence to sustain the verdict, and we cannot say there was an abuse of discretion in refusing a new trial.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.