### STATE v. WIDEMAN.

1. EVIDENCE—DECLARATIONS—COMPROMISE.—In a criminal case prosecuted on circumstantial evidence, it is proper to admit declarations of defendant that another had committed the crime, and that he had not done it, but would pay the prosecutor to settle it.

2. IBID.—STRIKING OUT.—If a party move to strike out an entire declaration. and Court strikes out part, and the part left in is objectionable to movant because of disconnection, his remedy is to move that the whole be restored subject to his objection.

3. IBID.—REFRESHING MEMORY.—Upon defense of alibi, question being when defendant delivered a bundle at home of another, refusal to permit a merchant to refresh his memory as to when bundle was delivered by him to defendant, by looking at order for bundle, is not error.

4. IBID.—TRACKS.—Witnesses were properly confined to a description of the peculiarities of the horse's tracks, and of the feet of defendant's horse.

5. IBID.—Admission of inconsequential part of a narrative is not error.

6. EVIDENCE OF ILL WILL is competent to show motive for crime.

7. NEW TRIAL.—There being circumstantial evidence tending to support a verdict, refusal of new trial will not be reversed on ground that evidence was not credible and not strong enough to support the verdict.

Before BUCHANAN, J., Greenwood, December, 1902. Affirmed.

Indictment against Lige Wideman. From sentence, defendant appeals.

*Messrs. Sheppards & Grier* and *Caldwell & Park,* for appellant, cite: *Declarations of defendant as to another burning the wood and as to compromise, incompetent:* 45 S. C., 185; 56 S. C., 104; 57 S. C., 360. *As to refreshing memory of merchant by looking at order:* 46 S. C., 108; 54 S. C., 337. *Witness could not state whose tracks those were:* 40 S. C., 329; Green Ev., sec. 440; 32 S. C., 400. *As to refusal of new trial:* 45 S. C., 483.

*Solicitor T. S. Sease* and *Mr. Ellis G. Graydon,* contra (oral argument).

February 26, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant was convicted of malicious mischief in burning a lot of cord wood belonging to one J. W. Tolbert.

The witness, Boney Williams, testified in substance, that in conversation with him the defendant said he did not burn the wood, but in order to end the lawsuit he would pay Mr. Tolbert for it; that the burning was done by Hutchinson, a white man, with whom he had had a difference, in consequence of which Hutchinson had laid it at his door, and that it would not do for him to tell all he knew about it. The defendant objected to this statement on the grounds that it was not a confession and did not tend in any way to connect the defendant with the burning, that an offer to compromise is not admissible against the party who makes it, and that the statement was made under duress. We think all this evidence was clearly competent in support of the circumstantial evidence offered by the State as tending to show defendant's knowledge of the commission of the crime.

There was no evidence whatever that the statement was

made under duress. Evidence of an offer to compromise is not inadmissible in a criminal case as opposed to public policy, because the public is not concerned in the private compensation for losses resulting from crime, but rather in the public punishment of crime as an offense against society. Conversations indicating a willingness to compromise, as in this case, or a direct offer to compromise a criminal charge, may indicate either a consciousness of guilt, or merely fear or anxiety to avoid the risk of a miscarriage of justice. Whether it comes from the one or the other of these mental conditions, it is generally for the jury to determine, under all the circumstances attending it. In general, not only are all declarations of a defendant tending directly to show that he committed the crime charged, competent evidence against him, but all declarations indicating his knowledge of the crime, especially if such knowledge is kept secret and the crime be so clandestine that the perpetrator may be discovered only by circumstantial evidence. This view is not inconsistent with the rule laid down in *State* v. *Mitchell,* 49 S. C., 413. There nothing more was decided touching this point than that the mere statement of one defendant exculpating himself and laying the crime on his codefendant, is incompetent against the codefendant as being hearsay, and of no value against the defendant making the statement, because it was a denial of all guilt and guilty knowledge. See *State* v. *Smith,* 5 Am. Dec., 134 (Conn.) ; *Commonwealth* v. *Crowe,* 42 N. E., 563 (Mass.).

Upon defendant's motion to strike out this entire conversation, the Court struck out all except the words, "He said it would not do for him to tell what he knowed about it." As we have endeavored to show, the whole conversation was competent, including the words above quoted. If the defendant regarded himself prejudiced by the isolation of this sentence from the remainder of the statement attributed to him, he had a right to restore it to its connection by asking for all that was said qualifying this remark, subject to his objection to the com-

petency of the entire conversation. This disposes of the first, second and third exceptions.

We do not think there was reversible error in refusing to allow the defendant's witness, Craig, to refresh his memory by referring to an order sent to him by McCaslan on the day of the fire. The purpose of this evidence was to support the statement of the defendant that he carried from Craig, a merchant at Greenwood, merchandise ordered by McCaslan, and, after delivering the bundle; he staid at McCaslan's until after the hour the fire occurred. The uncontradicted testimony of McCaslan's father was that a bundle was delivered to his son at his home that night by the defendant. We do not perceive how the fact that the bundle was brought from Craig's store could strengthen this evidence of alibi. The fourth and fifth exceptions are, therefore, overruled.

The presiding Judge confined the witnesses who testified as to the horse tracks to a description of the peculiarities of the track and the corresponding peculiarities of the feet of the horse of the defendant. *State* v. *Green,* 40 S. C., 330, 18 S. E., 933. The inquiry made by the witness, Pickens Brooks, of the defendant as to his puppies, was an inconsequential part of the narrative, and could not have had any effect on the issue. Evidence of ill will between the owner of the property destroyed and the defendant was competent to show the motive for the crime. The seventh, eighth, ninth, tenth and eleventh exceptions cannot be sustained.

As we understand, the defendant insists in his sixth exception that it was an abuse of discretion for the presiding Judge to refuse the motion for a new trial, made on the ground that there was no evidence to support the verdict. There was evidence of horse tracks corresponding to those of defendant's horse leading by the place on the road where the wood was burned, of indications that the horse had been hitched there, that defendant

was in the vicinity on the night of the fire, and that he con-
fessed to knowledge of the malicious burning of the wood.
Whether this testimony was credible and strong enough for
conviction, was a question primarily for the jury. It is
manifest this Court should not say that it was incredible, or,
if credible, so weak that there was an abuse of discretion
in refusing to set the verdict aside.

The judgment of this Court is, that the judgment of the
Circuit Court be affirmed.