7577

### STATE v. RUCKER.

1. COMPROMISE.—EVIDENCE of an attempt to compromise a criminal case is competent on trial under indictment therefor, it being for the jury whether the effort indicated a consciousness of guilt or merely fear or anxiety to avoid the risk of a miscarriage of justice.

2. BASTARDY—PUBLIC POLICY.—It is not against public policy for a father to deposit money with an officer of the law for the maintenance of an illegitimate child.

3. EXCEPTIONS.—An objection to the introduction of a writing stating no grounds is too general.

4. BASTARDY.—In order to find a party guilty of bastardy it is not necessary to find beyond a reasonable doubt that the reputed bastard is likely to become a charge on the county.

Before WATTS, J., Calhoun, May Term, 1910. Affirmed.

Indictment against W. B. Rucker for bastardy. From sentence, defendant appeals.

*Messrs. Mann & Stabler,* and *J. M. Walker,* for appellant, Oral argument.

*Solicitor P. T. Hildebrand,* contra, cites : *Not necessary to show the child is likely to become a charge on the county:* Crim. Code, 494, 495 ; 10 Rich., 361 ; 1 Brev., 279 ; 2 McC., 300. *As to offer of compromise:* 3 Ency., 881 ; 20 So., 392 ; 4 Gray., 568.

May 14, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from the sentence imposed upon the defendant for bastardy.

The first exception is as follows : "That the presiding Judge was in error, in allowing the witness, J. A. Wolfe, clerk of the Court, to testify, over objection by the defense, to the fact of money having been deposited with him by the defendant, for the alleged purpose of compromising the case, the error being that an offer of compromise in a case of this kind cannot be used as evidence of guilt."

At the time his Honor, the presiding Judge, made the ruling, which gave rise to this exception, the solicitor had merely asked the question : "Did he ever deposit any money in your office, in this bastardy case?" The defendant's' attorney then made the objection, that an offer of compromise was inadmissible, for the purpose of showing the guilt of the prisoner, although no testimony relative to a compromise had been offered. Whereupon, his Honor, the presiding Judge, ruled that the declaration of a defendant is competent. If the question was competent, the objection should not have been made to it, but to inadmissible testimony thereby elicted. The question of competency must be determined by the state of facts existing when the objection is interposed. The evidence of an attempt to compromise in a criminal case is competent, it being for the jury to decide whether the effort indicated a consciousness of guilt or merely fear or anxiety to avoid the risk of a miscarriage of justice. *State* v. *Wideman,* 68 S. C., 119, 46 S. E., 769.

It is not against public policy for the father of a bastard child to deposit money with an officer of the law for its maintenance, as there is a natural and moral duty resting upon him to support his illegitimate offspring. *Com. of Poor* v. *Gilbert,* 2 Strob., 152.

The question was competent, as its tendency was to develop such a state of facts, and the exception is overruled.

The second exception is as follows: "That the presiding Judge was in error, in allowing the witness Wolfe to testify, as to the contents of a certain alleged agreement or contract, and in admitting it in evidence, such paper not having been signed by the defendant, nor any one authorized to sign for him, nor as a matter of fact, by any one."

When this paper was offered for the purpose of being introduced in evidence, the defendant's attorney simply said: "We object." The objection was too general, and this exception is also overruled.

The third exception is disposed of by what has already been said.

The fourth exception is as follows: "That the presiding Judge was in error, in failing and neglecting to charge the jury, that before they could find a verdict of guilty the evidence must show beyond reasonable doubt that the reputed bastard child is likely to become a burden to the county." The cases of *State* v. *McDonald,* 2 McC., 299, and *State* v. *Crawford,* 10 Rich., 361, show that this exception cannot be sustained.

The fifth exception was abandoned.

Appeal dismissed.