## 10653.

### STATE v. HERRON.

#### (108 S. E. 93)

1. CRIMINAL LAW—CROSS-EXAMINATION OF DEFENDANT AS TO TESTIMONY AT CORONER'S INQUEST HARMLESS IN VIEW OF HIS DENIAL.—In a homicide prosecution, action of Court in allowing prosecution to cross-examine defendant as to his testimony at the coroner's inquest was not ground for reversal, where he denied having made a statement at the coroner's inquest, and no attempt was made to show that he had made such a statement.

2. HOMICIDE—INSTRUCTION HELD HARMLESS IN VIEW OF THE FACTS.—In a homicide prosecution, instruction that the killing would be reduced from murder to manslaughter if committed immediately after provocation, but that it would be murder if defendant waited until the next day, if error in setting a limit to the cooling time, was harmless, where the killing was done immediately after the provocation.

3. CRIMINAL LAW—TWO ASSIGNMENTS OF ERROR NOT INCLUDED IN ONE EXCEPTION.—Two assignments of error should not be included in one exception.

4. HOMICIDE—INSTRUCTION ON SELF-DEFENCE REQUIRING ACTUAL DANGER HELD NOT ERROR.—In homicide prosecution in which the defendant claimed to have killed deceased in self-defense, instruction on self-defense stating that there must be actual danger *held* not error, where Court immediately thereafter stated that defendant had the right to rely on appearances.

5. HOMICIDE—SELF-DEFENSE NOT AVAILABLE UNLESS DEFENDANT ACTUALLY BELEIVED THAT HE WAS IN DANGER.—Self-defense is not available in homicide prosecution unless defendant actually believed at the time of the killing that he was in danger; appearances known to be only appearances being insufficient.

6. HOMICIDE—INSTRUCTION AS TO DEFENDANT'S DUTY TO RETREAT HELD NOT ERROR.—In a homicide prosecution, where Court instructed

jury that defendant had the right to act on appearances, it was not error to further charge jury that, "if there is a reasonably safe way to escape, then the defendant must retreat."

7. CRIMINAL LAW—DEFENDANT CANNOT COMPLAIN OF EXCLUSION OF EVIDENCE WHICH WOULD HAVE DAMAGED HIS CASE.—The defendant cannot complain on appeal of the exclusion of evidence which would have been damaging to his case.

8. CRIMINAL LAW—COURT SHOULD NOT STATE COMPARATIVE VALUES OF DIRECT AND CIRCUMSTANTIAL EVIDENCE.—The Court has no right to state the comparative values of direct and circumstantial evidence.

9 CRIMINAL LAW—WHEN INSTRUCTION COMPARING VALUES OF DIRECT AND CIRCUMSTANTIAL EVIDENCE IS REVERSIBLE ERROR.—Instruction that circumstantial evidence was just as good as direct evidence and sometimes better would have been reversible error if the case depended on circumstantial evidence, but was not reversible error in view of the fact that the killing was admitted and the defense rested solely on the defendant's direct evidence.

10. CRIMINAL LAW—DEFENDANT CANNOT COMPLAIN OF INSTRUCTION GIVEN ACCORDING TO HIS REQUEST.—Where the Court tried to charge the law as requested by defendant and succeeded fairly well in so doing, the defendant cannot complain of the instruction given.

Before PEURIFOY, J., Aiken, Fall term, 1920. Affirmed.

Tom Herron indicted for the murder of Mike Corbett and upon conviction of manslaughter appeals.

*Mr. John F. Williams,* for appellant, cites: *Statement by accused at coroner's inquest not admissible against him*: 32 S. C. 402; 105 S. C. 58. *"Real evidence" should have been considered by jury*: 1 Greenleaf (15th Ed.) 26; *Circumstantial and positive evidence*: 23 C. J. 49. *Accused entitled to plea of self-defense even if drunkenness brought on difficulty*: 114 S. C. 257.

*Messrs. R. L. Gunter, Solicitor,* and *W. M. Smoak,* for respondent, cite: *Voluntary statement by accused before or after the inquest competent against him*: 44 S. C. 343; 54 S. C. 174. *Error, if any, in charge was cured by other por-*

*tions of it*: 85 S. C. 532; 72 S. C. 194; 90 S. C. 290; 85 S. C. 240. *Charge should be considered in its entirety*: 99 S. C. 432. *Self-defense*: 32 S. C. 27; 33 S. C. 582; 71 S. C. 136; 89 S. C. 228. *Duty to retreat*: 43 S. C. 127; 55 S. C. 32; 72 S. C. 194; 85 S. C. 241. *Circumstantial evidence*: 49 S. C. 285; 56 S. C. 524; 56 S. C. 394; 75 S. C. 409.

June 30, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was charged with the murder of a man named Corbett. He was convicted of manslaughter. The appellant, Corbett, Huggins, Herron, Schofield, and a son of the appellant got into an automobile and went off to find some whiskey. They found the whiskey and drank it. Later in the day the party drove into the town of Salley, and in the automobile was Corbett, dead. Corbett's neck was broken, and his head showed a lick on the side, made with a blunt instrument.

It seems that at first there were conflicting statements, but the appellant now admits that he struck the fatal blow. While there is testimony to show that Herron and Corbett had been quarreling and several attempts to fight had been made, no one saw the fatal encounter. Herron admitted the killing and set up self-defense. The jury convicted him of manslaughter, and acquitted Huggins and Schofield, who were indicted with him.

I. The first exception complains that his Honor erred in allowing the Solicitor to cross-examine the appellant as to what he testified to before the coroner at the inquest. The fact upon which this exception is based does not appear in the record. Herron denied that he had made a statement at the coroner's inquest, and no attempt was made to show that he had. This exception cannot be sustained.

II. The second exception complains of error in that his Honor told the jury that, if the deceased had spit in the face of the appellant and appellant killed him then and there, it might reduce the killing from murder to manslaughter, but that, if he waited until next day and then did his killing, it would be murder, because the slayer had had time to cool. While it may be that, if the killing had been delayed, his Honor may not have had the right to set a limit to cooling time, still here whatever was done was done at once, and, even if it was error, it could not have affected the result. This exception is overruled.

III. The third exception includes two assignments of error: a. There must be actual danger. b. The defendant must "actually believe" that there was danger.

It is contrary to rule to include two assignments of error in one exception. Considering the gravity of the case, we will consider both.

(a) His Honor did say there must be actual danger but he immediately followed with a clear statement that one had the right to rely on appearances. This assignment of error cannot be sustained.

(b) There was no error in charging the jury that the slayer must actually believe that he is in danger. A man cannot take advantage of appearances, that he knows are only appearances, to slay his fellow man. This assignment of error is overruled.

IV. When the Judge charged the jury (fourth exception) that the defendant had the right to act on appearances, as he did clearly, it is not error to say that, "if there is a reasonably safe way to escape, then the defendant must retreat." That clear statement modified the whole charge, and there was no error here.

V. The appellant cannot complain (fifth exception)
that his Honor erred in excluding from the consideration of the jury the real evidence in the case. It was very damaging to the appellant.

VI. The sixth exception complains that his Honor erred in charging that circumstantial evidence is just as good as direct evidence, and sometimes better. It is true that the trial Judge had no right to state the comparative values of direct and circumstantial evidence, and if this case depended at all on circumstantial evidence, a new trial should be ordered; but the case in no way depended upon circumstantial evidence. The killing being admitted, the defense rested solely on the appellant's direct evidence. There was no reversible error here.

VII. The appellant cannot complain of error (seventh exception) in charging the law as to the effect of drunkenness on crime. His Honor tried to charge the law as the appellant requested him to do, and we think he succeeded fairly well.

The judgment is affirmed.