## 11703

### STATE v. CARSON

(126 S. E., 757)

1. JURY—EXAMINATION BY STATE OF JURORS ON VOIR DIRE AS TO VIEWS ON PROHIBITION LAW HELD NOT GROUND FOR REVERSAL.—In liquor prosecution, examination by Solicitor of jurors on their *voir dire* as to their views on the Prohibition Law, without attempt to use answers as ground for challenge for cause, *held* not ground for reversal in view of Code Civ. Proc., 1922, § 577.

2. JURY—SCOPE AND LIMITS OF EXAMINATION OF JUROR ON VOIR DIRE DISCRETIONARY WITH COURT.—Under Code Civ. Proc., 1922, § 577, the scope and limits of interrogation of juror on *voir dire,* is within the sound discretion of the Circuit Judge.

3. CRIMINAL LAW—STATEMENT OF COURT BEFORE JURORS WERE PLACED ON THEIR VOIR DIRE HELD NOT PREJUDICIAL TO DEFENDANT.—In liquor prosecution, Court's statement before jurors were placed on their *voir dire* that he was going to ask each juror if he was opposed to the enforcement of the Prohibition Law, because he wanted to be fair and not put person opposed to enforcement of Prohibition Law in awkward position, *held* not prejudicial to defendant.

4. CRIMINAL LAW—EXCEPTION NOT ARGUED IN APPELLANT'S PRINTED BRIEF WILL BE OVERRULED.—Exception not argued in appellant's printed brief will be overruled.

5. CRIMINAL LAW—EVIDENCE AS TO DEFENDANT'S POSSESSION AND SALE OF WHISKEY TWO DAYS BEFORE DATE ON WHICH HE WAS CHARGED TO HAVE MANUFACTURED WHISKEY, HELD ADMISSIBLE IN PROSECUTION FOR MANUFACTURE.—In prosecution for manufacture of whiskey, evidence as to possession and sale of whiskey by defendant two days before date on which he was alleged to have manufactured the whiskey, *held* admissible as relevant circumstance though it also tended to prove commission of other crime.

6. INTOXICATING LIQUORS—TIME NOT OF ESSENCE OF OFFENSE OF MANUFACTURING WHISKEY.—Time was not of the essence of the offense of manufacturing whiskey.

7. CRIMINAL LAW—ADMISSION OF CONFESSION AND SUBMISSION OF QUESTION OF VOLUNTARY CHARACTER TO JURY PROPER, WHERE EVIDENCE CONFLICTING.—Where evidence as to character of defendant's confession was conflicting, it was proper for the Court to admit the evidence as to the confession and submit to jury question of whether confession was voluntary or involuntary.

8. CRIMINAL LAW—CONSTITUTIONAL INHIBITION PRECLUDES COURT FROM CHARGING AS TO WEIGHT AND SUFFICIENCY OF EVIDENCE.—Constitutional inhibition against charging on facts precludes Court from charging as to weight and sufficiency of evidence.

9. CRIMINAL LAW—CHARGE AS TO CHARACTER OF CONFESSION HELD SUFFICIENT.—Refusal of charges that "confession must be free and voluntary" and "must not be made under the influence of hope or fear, and. should always be received with great caution," *held* not in error, in view of the general charge that "the confession must be made without duress or promise of reward or hope of reward," that "the whole testimony is for you," and that "duress means that * * * must be free of fear."

10. CRIMINAL LAW—DETERMINATION OF WHETHER CONFESSION SHALL BE RECEIVED IS IN FIRST INSTANCE FOR COURT.—The duty of determining whether a confession shall be received at all in the sense of whether it shall be admitted in evidence, rests in the first instance on the trial Judge.

11. CRIMINAL LAW—QUESTION AS TO SUFFICIENCY OF EVIDENCE NOT PRESERVED FOR REVIEW IN ABSENCE OF MOTION FOR DIRECTED VERDICT. —Under Circuit Court Rule, No. 77 (73 S. E., vii), defendant, by failure to move for directed verdict, failed to preserve for review by the Supreme Court question as to whether Court erred in not granting new trial for insufficiency of evidence.

12. INTOXICATING LIQUORS—EVIDENCE HELD SUFFICIENT FOR SUBMISSION OF CASE TO JURY IN PROSECUTION FOR MANUFACTURE.—In prosecution for manufacture of whiskey, evidence *held* sufficient for submission of case to jury.

13. CRIMINAL LAW—REFUSAL TO GRANT NEW TRIAL NOT ERROR, WHERE EVIDENCE WAS AMPLY SUFFICIENT FOR SUBMISSION OF CASE TO JURY. —Where evidence was amply sufficient for submission of case to jury, refusal to grant new trial for insufficiency of evidence was not error.

Before HENRY, J., Colleton, Fall Term, 1923. Affirmed.

Fred Carson was convicted of manufacturing whiskey, and he appeals.

The Court stated, before jurors were placed on their *voir dire,* that:

"I am going to ask each juror, ask each juror, if he is opposed to it( regarding the enforcement of the prohibition law), because I want a man who could come honestly, and

mighty hard for a man who appears to be friendly to a fellow that deals in it—and I want to be fair, and I want to be fair to them, and I want each man to be fair, and I do not want to put him in an awkward position, and, if they do not want to sit on one of these kind of cases, let them say so."

A sheriff, a constable, and another witness who had testified that he had purchased liquor from defendant, testified for the State that they followed a trail from defendant's house to a number of barrels of mash and a furnace in which theere had been a fire, in defendant's field; that such mash, still, and furnace, in a direct line, were not more than 100 yards from defendant's house; that defendant stated he had operated a still at such place and had thrown still in river.

*Mr. R. M. Jeffries,* for appellant, cites: *Confession not voluntary:* 120 S. E., 496.

*Mr. Randolph Murdaugh, Solicitor,* for the State.

February 28, 1925.

The opinion of the Court was dilevered by MR. JUSTICE MARION.

Convicted of manufacturing whiskey, the defendant appeals. His nine exceptions will be considered in order.

(1) It is assigned as error that the trial Judge permitted jurors to be questioned on their *voir dire* as to their views on the prohibition law. The contention, in substance, is that the inference from such questions was "that the Court desired only such men as would convict to sit on the jury." The scope and limits of the interrogation of the juror, under the broad powers conferred on the Circuit Judge by the statute (section 577, Code Civ. Proc., 1922), are within the sound discretion of the Circuit Judge.

"The presiding Judge must determine on the character of the questions proposed and when the examination shall cease." *State v. Coleman,* 8 S. C., 239. *State v. Nance,* 25 S. C., 168. The questions objected to in this case were propounded by the solicitor apparently for the purpose of obtaining information upon which to exercise intelligently the State's right of peremptory challenge. No attempt was made to use the answers of jurors as a ground of challenge tor cause. The examination as to the attitude and prejudices of the jurors with respect to enforcing the prohibition law inured to the benfit of defendant as well as of the State in the exercise of the peremptory challenge. The suggestion that the line of interrogation so permitted was an indication of a desire on the part of the presiding Judge to "convict," is obviously without merit. The first exception is overruled.

(2) The second exception is directed to the same contention as to error committed in the examination of the jurors, on the ground that "such questions could be construed as an insult to law-abiding citizens," etc. The connection between the wounding of the sensibilities of the jurors and the conviction of the defendant is not apparent. The exception is overruled.

(3) The third exception charges error in that the presiding Judge made certain prejudicial remarks as to the reluctance of jurors to convict in whiskey cases "before the jurors were placed on their *voir dire."* The record furnishes no basis for this assignment of error and the exception is not argued in appellant's printed brief. For the reason indicated the exception is overruled.

(4) The fourth exception assigns error in the admission of evidence "to the effect that the defendant sold liquor two days before the alleged charge of manufacturing arose." The theory of the State in establishing by circumstantial evidence the charge of manufacturing on May 17th, was that the defendant's possession and sale of whiskey on May 15th was the circumstance which led to

the discovery that defendant was engaged in manufacturing and was a fact so closely interwoven with the circumstances tending to prove guilt of the charge laid that it was impossible to disconnect it. Whiskey is ordinarily manufactured for purposes of sale. Time was not of the essence of the offense of manufacturing charged (*State v. Rush* [S. C.] 123 S. E., 765). That the sale of whiskey on a date so near to that laid in the indictment was a relevant circumstance tending to establish defendant's implication in the crime of manufacturing charged, we think is clear. If so, evidence of that fact was not inadmissible because it tended to prove the commission of another offense. The acid test is relevancy; or, as said in *Com. v. Robinson*, 146 Mass., 571; 16 N. E., 452.

"Such preliminary acts are not competent because they are criminal, but because they are relevant to the issue on trial; and the fact that they are criminal does not render them irrelevant." Wigmore (1st. Ed.) § 216.

See *State v. Lyle* (S. C.), 118 S. E., 803, 808. The exception 4 is overruled.

(5) Exceptions 5 and 6 assign error in the admission of evidence tending to establish a confession and in refusing to strike out the testimony after its admission. There was evidence to the effect that the alleged confession was voluntary; there was other evidence tending to establish that it was involuntary. The trial Judge admitted the evidence as to the confession and submitted the issue as to whether the confession was voluntary or involuntary to the jury. The ruling of the trial Judge was in accordance with the approved practice in this State and affords no basis for a finding of prejudicial error. *State v. Moorman*, 27 S. C., 22; 2 S. E., 621. *State v. Derrick*, 44 S. C., 344; 22 S. E., 337. *State v. Danelly*, 116 S. C., 113, 117; 107 S. E., 149; 14 A. L. R., 1420.

(6) The seventh exception imputes error to the trial Judge in failing to charge defendant's request to the effect that "confession must be free and voluntary";

"must not be made under the influence of hope or fear, and should always be received with great caution," etc. The duty of determining whether a confession shall be received at all, in the sense of whether it shall be admitted in evidence, rests in the first instance upon the trial Judge. After it is admitted in evidence the propriety of an instruction to the jury that it is always to "be received with great caution" is questionable, in view of the constitutional inhibition against charging on the facts—an inhibition which clearly precludes the Judge from charging as to the weight and sufficiency of evidence. *State v. Herron,* 116 S. C., 282; 108 S. E., 93. Aside from that consideration, however, we think the general charge of the trial Judge sufficiently covered the law governing the determination of the issue submitted to the jury by instructing, to the effect that "the confession must be without duress or promise of reward or hope of reward," that "the whole testimony is for you," etc., and that "duress means that—must be free of fear," etc. We find no prejudicial error in this aspect of the case, and the exception is overruled.

(7) Exception 8 to the effect that the trial Court erred in not granting a new trial upon the ground that he had committed various errors of law in the trial of the cause, is overruled for the reason that the assignments of error relied on are substantially the same as are hereinabove considered and overruled.

(8) The ninth exception imputes error in the refusal of a new trial, upon the ground that there was no evidence "of the manufacturing of whiskey on the part of the defendant." The defendant failed to preserve this point for review, in that no motion was made in the Court below for the direction of a verdict (rule 77 of the Circuit Court [73 S. E., vii]). *State v. Jackson,* 122 S. C., 493; 115 S. E., 750. Waving that, however, an examination of the record discloses that the evidence was amply sufficient to require submission of the case to the jury. It follows that the Court's refusal to grant a new trial on that ground

may not be held for error of law. *State v. Rush* (S. C.) 123 S. E., 765.

All exceptions are overruled and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS and FRASER, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.