## CHRISTIAN v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. October 30, 1925.)

No. 4551.

I. **Indictment and information ⬅⬡3—Violations of National Prohibition Act, being misdemeanors, may be prosecuted on information, instead of on indictment.**

The offenses of unlawful sale and possession of liquor, in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), not being punishable by imprisonment for a term exceeding one year, are not felonies or infamous crimes, but misdemeanors, which may be prosecuted on information, instead of on indictment, in view of Criminal Code, § 335 (Comp. St. § 10509).

2. **Indictment and information ⬅⬡52(3)—Information need not be verified or supported by oath of district attorney.**

An information need not be verified or supported by the oath of the district attorney.

3. **Criminal law ⬅⬡1167(1)—Conviction for violation of National Prohibition Act not reversed because information not verified or supported by oath of district attorney.**

Conviction for violation of National' Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) on an information will not be reversed because information was not verified or supported by oath of district attorney, since only purpose served by such oath was to furnish a basis for arrest of defendant, in compliance with Const. Amend. 4, protecting citizens against arrest by warrant, unless supported by oath or affirmation.

4. **Criminal law ⬅⬡408—Evidence that defendant offered to compromise liquor prosecution held admissible.**

In liquor prosecution, evidence in rebuttal of defendant's defense of alibi, that he offered to plead guilty if he could settle charge against him by paying a fine, held admissible, though it disclosed an offer of compromise, since it also was evidence of guilt.

5. **Criminal law ⬅⬡408—Rule excluding offers of compromise in civil cases not applicable to criminal cases.**

The rule which excludes offers of compromise in civil cases does not apply to criminal cases; for, while law encourages settlement of civil suits, compounding of crime is against public policy.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

H. C. Christian was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

Kenneth C. Charlton, of Birmingham, Ala., for plaintiff in error.

Jim C. Smith, Asst. U. S. Atty., of Birmingham, Ala., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an indictment in four counts for violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The first count charges the unlawful sale, and the second count charges the unlawful possession, of the same liquor. The third count charges a second unlawful sale, and the fourth count charges the maintenance of a common nuisance. The information was not verified by the district attorney, but the court overruled a demurrer, and a motion to strike it, based upon that ground.

The defense interposed was that of an alibi. A prohibition agent testified for the government that he bought from defendant the liquor described in one of the counts of the information. Defendant became a witness in his own behalf, and testified that he had never seen the prohibition agent until the morning of the trial. On cross-examination, defendant was asked if he did not, a few days before the trial, in a conversation with the district attorney, offer to plead guilty if he could settle the charge against him by paying a fine. Defendant·denied the conversation, but on rebuttal the district attorney testified, over objection, that it had occurred, and was substantially as stated in the impeaching question.

Defendant was convicted on the first three counts, and acquitted on the fourth. The sentence was for less than could be imposed under either count, and for that reason the only assignments of error which need be considered are those challenging the court's rulings in sustaining the information and admitting in evidence the district attorney's testimony as to his conversation with defendant.

[1-3] The offenses charged are not punishable by imprisonment for a term exceeding one year, and are therefore not felonies or infamous crimes, but misdemeanors, which may be prosecuted upon information instead of upon indictment. Criminal Code, § 335 (Comp. St. § 10509); Ex parte Wilson, 114 U. S. 417, 5 S. Ct. 935, 29 L. Ed. 89. There is no requirement of law that an information be verified or supported by the oath of the district attorney. Weeks v. United States, 216 F. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524. It is true that the Fourth Amendment to the Constitution protects a citizen against arrest, except upon a warrant supported by oath or affirmation. The only purpose served by an oath to an information is to furnish a basis and authority for the arrest of the defendants. Logically, the only advantage a defendant could take of an unverified information would be to secure his release from custody, because there was no proper warrant of arrest. Whether the defendant is properly in custody is a matter which does not affect the information. It was all-sufficient that defendant was present and submitted to trial on a valid information.

[4, 5] The conversation which the district attorney testified he had with defendant was objected to on the ground that it disclosed an offer of compromise. Needless to say, it also was evidence of guilt. Although there are authorities to the contrary, we are of opinion that the rule which excludes offers of compromise in civil cases does not apply to criminal cases. The law encourages the settlement of civil suits, but the compounding of crime is against public policy. State v. Soper, 16 Me. 293, 33 Am. Dec. 665; State v. Rodrigues, 45 La. Ann. 1040, 13 So. 802; State v. Rucker, 86 S. C. 66, 68 S. E. 133; Collins v. State, 115 Wis. 596, 92 N. W. 266.

Error is not made to appear, and the judgment is affirmed.