## 12025

### STATE v. CARPENTER

#### (133 S. E., 900)

CRIMINAL LAW.—Question of insufficiency of evidence to warrant sub-
mission of case to jury, raised on appeal, is too late, where there
was no motion for directed verdict in trial Court.

Before TOWNSEND, J., Aiken, January, 1925. Affirmed.

E. L. Carpenter was convicted of having in possession,
transporting, and selling, alcohlic liquors, and he appeals.

*Mr. William M. Smoak,* for appellant, cites: *Verdict
against law and evidence:* 132 S. E., 613; 132 S. E., 610.

*Mr. B. D. Carter, Solicitor,* for respondent, cites: *Motion
to set verdict aside as unsupported by evidence comes too late
where no motion made to direct verdict:* 131 S. C., 47; 122
S. C., 497. *Verdict supported by evidence:* 131 S. C., 546;
129 S. C., 43; 122 S. C., 497; 68 S. C., 122. *Credibility of
witness question for jury:* 122 S. C., 497. *Setting aside
verdict matter of discretion:* 122 S. C., 497.

July 1, 1926.

The opinion of the Court was rendered by MR. JUSTICE
WATTS.

"The appellant, E. L. Carpenter, was indicted at the regular
term of the Court of general sessions for Aiken County, in
January, 1925, the indictment containing three counts—the
first for selling alcoholic liquor; the second for transporting
whisky for unlawful purposes; third, having in possession,
alcoholic liquors for unlawful purposes; the offense was
alleged to have been committed on August 10, 1924.

"The case was tried before his Honor, W. H. Townsend,

and a jury at said term of the Court, and terminated in a verdict of guilty upon both counts in the indictment; and, after refusing a motion of the defendant for a new trial made upon the minutes of the Court, the presiding Judge sentenced the defendant to serve for a period of one year upon the public works of Aiken County, or for a like period in the State Penitentiary."

The exception is:

"1. That his Honor, the presiding Judge, erred in overruling defendant's motion for a new trial; the error being: (a) That the evidence shows the defendant established his affirmative plea of an alibi by the clear preponderance of the evidence; (b) That there was not sufficient evidence to support a verdict of guilty as to (1) a sale of alcoholic liquor and (2) of storing whisky for unlawful purposes; (c) that the jury disregard the charge of the presiding Judge (1) as to proof of an alibi, (2) as to the sale of whisky, and (3) as to storing whisky for unlawful purposes."

No motion was made by the defendant for a directed verdict because of no competent evidence warranting submission of the case to the jury and the point now raised comes too late. The exception is overruled under the cases of *State v. Jackson,* 122 S. C., 497; 115 S. E., 750; *State v. Carson,* 131 S. C., 47; 126 S. E., 757, and the judgment is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE concur.