12024

STATE v. WEBBER

(140 S. E., 250)

CRIMINAL LAW—WHERE ACCUSED MADE No MOTION TO DIRECT VERDICT,
COMPLAINT ON APPEAL THAT EVIDENCE WAS INSUFFICIENT TO WAR-
RANT VERDICT WAS TOO LATE.—Where defendant made no motion
for a directed verdict, complaint on appeal that Court erred in not
granting new trial on ground of insufficiency of evidence to warrant
verdict of guilty came too late.

Before SEASE, J., Union, May Term, 1926. Affirmed.

H. H. Webber was convicted of violating the prohibition
law, and he appeals.

*Mr. P. D. Barron,* for appellant, cites: *To use as an
illustration in a charge such hypothetical statements as
would likely impress the jury that the Judge had in mind the
evidence in the case being tried is a charge upon the facts*
91 S. C., 201. *Directed verdict of acquital or new trial
should have been granted:* 131 S. E., 767.

*Solicitor I. C. Blackwood,* for respondent.

July 1, 1927.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE WATTS.

This is an appeal arising out of the conviction and sentence
of the defendant on an indictment charging violation of the
prohibition law (Cr. Code 1922, §§ 820–888, as amended).
It is a case where a conviction rests largely upon circum-
stantial evidence.

No motion was made by the defendant for a directed
verdict on the ground that evidence did not establish de-
fendant guilty beyond a reasonable doubt. After conviction,
a motion was made for a new trial, which was refused.

Exceptions 1 and 2 complain of error in his Honor Judge
Sease's charge to the jury, and exception 3 complains of
error in not granting a new trial on the ground of insuffi-
ciency of evidence to warrant a verdict of guilty.

The third exception must be overruled, as no motion was made by the defendant for a directed verdict, and the point now raised comes too late. *State v. Jackson,* 122 S. C., 497; 115 S. E., 750; *State v. Carson,* 131 S. C., 47; 126 S. E., 757.

We see no error in his Honor's charge to the jury. If the defendant wanted a fuller and more enlarged charge by his Honor, his counsel should have submitted requests.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE RAMAGE concur.