**UNITED STATES v. PICARELLI et al.**

No. 300.

Circuit Court of Appeals, Second Circuit.

April 26, 1945.

Abraham Solomon, of New York City, for appellant Picarelli.

Edward V. Broderick, of New York City (William Merritt, of New York City, of counsel), for appellant Ward.

John F. X. McGohey, U. S. Atty., of New York City (Martin J. McLaughlin, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

Each of the appellants contends only that the evidence is insufficient to support his own conviction. As to Ward the case presents no difficulty. When approached by the arresting officer, he was seated in the rear of a parked automobile; in his hands he had a number of small index cards which might reasonably be thought to bear the names and addresses of users of "A" gasoline ration coupons, and on his lap was a paper bag found to contain, when opened by the officer, 8,271 such coupons. In reply to the officer's question as to what he did for a living he said he was a book-maker. On the witness stand Ward testified that he had sought out Picarelli to collect from him a $10 bet on a horse race; Picarelli had invited him to get into the automobile and he found the cards and paper bag on the rear seat, but had no knowledge of what the cards were or what the bag contained. The jury, however, was not obliged to believe this story, and evidently did not. Hence Ward's falsehood, as well as his possession of the coupons, concededly never lawfully issued to him or to any one for whom he was acting as agent, was evidence of guilt.

As to Picarelli the case was somewhat less strong but was still sufficient to submit to the jury. Picarelli owned the parked automobile. The officer saw him leave the driver's seat, walk to a vacant

lot, pick up some empty bottles and bring them back to the car. At this moment the policemen intervened. Picarelli stated to the arresting officer that he did not know where the coupons came from and that Ward said he found them in the car. On the way to the police station, Picarelli pulled his car to the curb and said to the policeman "Listen, Officer, can't we talk this thing over?" No innocent explanation of this inquiry being vouchsafed, we think the effort to effect a settlement may be regarded as evidencing consciousness of guilt. Christian v. United States, 5 Cir., 8 F.2d 732, 733; 4 Wigmore, Evidence, 3rd Ed., p. 31. This, coupled with ownership of the car, justified sending the case to the jury.

The standard of evidence necessary to send a case to the jury is the same in both civil and criminal cases; given evidence from which a reasonable person might conclude that the charge in an indictment was proved, the jury must decide, · and the accused must be content with the instruction that before finding him guilty the jury must exclude all reasonable doubt. United States v. Feinberg, 2 Cir., 140 F.2d 592, 594, certiorari denied 322 U.S. 726, 64 S.Ct. 943, 88 L.Ed. 1562; United States v. Pape, 2 Cir., 144 F.2d 778, 781, certiorari denied 65 S.Ct. 86; United States v. Valenti, 2 Cir., 134 F.2d 362, 364, certiorari denied 319 U.S. 761, 63 S.Ct. 1317, 87 L.Ed. 1712.

Judgments affirmed.