Sammy Joe **DOWNEY**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 6027.

United States Court of Appeals
Tenth Circuit.

Jan. 27, 1959.

Janet K. Southworth, Denver, Colo.,
for appellant.

Erwin A. Cook, Asst. U. S. Atty.,
Oklahoma City (Paul W. Cress, U. S.
Atty., Oklahoma City, Okl., on the brief),
for appellee.

Before BRATTON, Chief Judge, and
PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

Appellant was convicted of a violation
of the Dyer Act, 18 U.S.C.A. § 2312, and
now questions the sufficiency of the evi-
dence to support a verdict of guilty and
complains of two rulings of the trial
court respecting the admission of evi-
dence. We find no merit to any of such
contentions.

■■ The government made inde-
pendent proof that the pertinent motor
vehicle was stolen at Arnett, Oklahoma,
and recovered at Higgins, Texas. The
appellant admitted to a special agent of
the Federal Bureau of Investigation the
taking of the car at Arnett and its trans-
portation to and abandonment at Hig-
gins. A confession coupled with inde-
pendent proof of the corpus delicti is, of
course, sufficient to support a conviction.
Additional and supporting evidence was
received tending to prove that footprints
leading to the place in Oklahoma from
which the car was stolen and footprints
leading from the spot in Texas where the
car was recovered to the residence of ap-
pellant, some block and a half away, were
identical, each bearing a bell-like heel im-
print found on Goodrich rubber heels;
further, that the appellant's shoes match-
ed the imprints left at Higgins, Texas.
The admission of the shoes into evi-
dence constitutes appellant's second as-
signment of error but as Professor Wig-
more states "their relevancy is so patent
that no occasion is given for rulings of
law." I Wigmore on Evidence, III Ed.,
§ 149.

■■ Before confessing to the gov-
ernment agent appellant was questioned
by the sheriff of Lipscomb County, Tex-
as. The sheriff testified that during this
interrogation appellant did not admit to
participation in the offense but did in-
quire as to whether or not the charge
could be reduced to a misdemeanor "as

the car was in good shape and there was no harm done"; stated that "there was nothing in it for him to confess to this car"; and further that "he wouldn't confess to this because he had a long record." Objection was made to the admission of the last statement and prejudice is now asserted through application of the basic rule that ordinarily proof of past offenses is not competent evidence to prove present guilt. We believe the basic rule to be inapplicable in the instant case. Just as an offer to compromise a criminal offense may be considered by the jury as evidence of the accused's consciousness of guilt, United States v. Picarelli, 2 Cir., 148 F.2d 997; Christian v. United States, 5 Cir., 8 F.2d 732, so, too, may the appellant's statements be considered. Relevant and competent evidence of guilt is not rendered inadmissible because it also tends to show the accused committed other offenses. Crapo v. United States, 10 Cir., 100 F.2d 996; Mehan v. United States, 8 Cir., 112 F.2d 561.

Affirmed.