**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Marin WALDO, Defendant-Appellant.**

**No. 72-1454.**

United States Court of Appeals, Tenth Circuit.

Nov. 30, 1972.

Rehearing Denied Dec. 29, 1972.

Jeff R. Laird, First Asst. U. S. Atty. (William R. Burkett, U. S. Atty., on the brief), for plaintiff-appellee.

Jack L. Lessenberry, Little Rock, Ark., for defendant-appellant.

Before BREITENSTEIN and McWILLIAMS, Circuit Judges, and CHRISTENSEN, District Judge.

BREITENSTEIN, Circuit Judge.

Defendant-appellant Waldo was charged with two others, Oden and Puett, in a 4-count indictment. The first count alleged conspiracy in violation of 18 U.S.C. § 371 to defraud by means of interstate wire communications as forbidden by 18 U.S.C. § 1343. The other three counts charged specific violations of the latter statute. Puett pleaded guilty to the conspiracy count and after sentence testified for the government in the trial of Oden and Waldo. Oden was convicted of the conspiracy count and has not appealed. Waldo was convicted of all four counts and has appealed.

The essence of the scheme to defraud was this. Defendants represented themselves to be money finders who could obtain loan commitments. Loan applications would be received from prospective borrowers who paid a fee or commission to the defendants. Fruitless efforts would be made to obtain the loans which were never forthcoming. The fee or commission would never be returned. The charge is that the representations were known by the defendants to be false when made. In the course of the various transactions both telephone and telegraph interstate wire services were used.

Waldo, the only defendant who appeals, concedes the sufficiency of the evidence to sustain the conspiracy conviction, but contends that the evidence is insufficient to sustain his conviction on the substantive counts. The conspiracy was charged to have existed between April 1, 1969, and August 1, 1970. The substantive offenses are alleged to have occurred on May 9, June 20, and June 29, 1969. Waldo says that there was no proof that he was a member of the conspiracy on the dates when the substantive offenses occurred. Co-conspirator Puett testified that he started doing business with Waldo in March or April, 1969, and that he made false representations to would-be borrowers on instructions from Waldo during the period

March, 1969, to August, 1970. Count 2 is based on a May 9, 1969, telegram to Oden. Puett testified that he sent the telegram after discussing the matter with Waldo. Similar instructions were given Puett by Waldo on various occasions. Counts three and four are based on wire communications relating to the Phi Kappa Theta matter. Waldo's connection with this transaction before the dates of the communications is shown by his signature on papers delivered by Oden to the attorney for the prospective borrower on June 13, 1969. Viewing the evidence in the light most favorable to the government, we are convinced that the proof is sufficient to justify the jury in finding guilt beyond a reasonable doubt on each count of the indictment. The verdicts must stand. United States v. Holmes, 10 Cir., 453 F.2d 950, 952.

■ Defendant argues that prejudicial proof was received in evidence. The only item which merits consideration concerns so-called silver contracts relating to interests in warehoused silver ore which had been subject to foreclosure in California because of nonpayment of storage charges. A silver contract was exhibited to a representative of the prospective borrower in the Phi Kappa Theta transaction to show ability to perform. A government agent testified that he interviewed Waldo and, in reference to the ability of putative lender to perform, Waldo said that the company had an interest in Tan Corporation which had six million dollars worth of warehouse receipts for concentrated ore in a California warehouse. Co-conspirator Puett testified that Waldo furnished him a silver contract to use for borrowing money and that Waldo said that the two would split the receipts. A banker testified that he refused the loan. The argument is that the evidence was inadmissible because it pertained to another offense. The short answer is that one of the silver contracts was used to bolster the faith of a would-be borrower in the financial standing of the loaner. Thus, it became part and parcel of the fraudulent transaction and was relevant as bearing on the intent of the defendants. United States v. Hampton, 10 Cir., 458 F.2d 29, 30–31. Competent and relevant evidence of guilt is not inadmissible because it tends to show the commission of another offense. Downey v. United States, 10 Cir., 263 F.2d 552, 553. United States v. Burkhart, 10 Cir., 458 F.2d 201, is not in point. It was a Dyer Act prosecution in which the government, during its case in chief, put in evidence certified copies of Dyer Act convictions occurring fifteen and four years respectively before the offense for which the defendant was on trial. In the case at bar the silver contract episodes occurred during the operation of the conspiracy and were part of the transactions related thereto.

■ Finally, Waldo argues that the government made prejudicial references to his failure to testify. The first occurred in a colloquy during the cross-examination of a banker who had testified as a prosecution witness that a company, which defendants had represented as a lender, had no transactions with the bank during a particular year. The prosecutor's statement was:

" * * * if there is any evidence that there was an account there, it's up to the defendant to produce it."

The second occurrence was during the direct examination of a defense witness who was the attorney for Waldo in certain civil matters. The prosecutor objected, saying:

" * * * I object to this man's testifying to what his client told him as his attorney when the man is here present."

No objection was made to either statement and no request was made either for mistrial or for an admonition that the jury disregard the statements. Accordingly, our consideration is limited to whether the statements were plain error affecting defendant's substantial rights. McBride v. United States, 10 Cir., 409 F.2d 1046, 1048, cert. dismissed 396 U.S. 938, 90 S.Ct. 282, 24 L.Ed.2d 240. In our opinion, the statements cannot be

said to have influenced the jury's verdict and do not require a reversal. See Bailey v. United States, 10 Cir., 410 F.2d 1209, 1214, cert. denied 396 U.S. 933, 90 S.Ct. 276, 24 L.Ed.2d 232. We are convinced that the defendant had a fair trial.

Affirmed.