## 7810

### GUESS v. ATLANTIC COAST LINE R. R. CO.

1. NEW TRIAL.—That the evidence was too remote, speculative and consequential to support the verdict should be made by motion for nonsuit or to direct a verdict and not by motion for new trial.

2. VERDICT—CHARGE.—There being nothing in the record to show that discoloration of the lumber entered into the verdict, nor that it was contrary to the charge, and there being no exception to the admission of evidence as to discoloration, exception on the ground that the verdict is contrary to the charge is not considered.

3. APPEAL.—WHETHER DAMAGES are excessive is for the trial Court unless they are such in amount as to indicate fraud or corruption or caprice.

Before DANTZLER, J., Colleton, Spring term, 1910. Affirmed.

Action by J. C. Guess and Bro. against the Atlantic Coast Line R. R. Co. Defendant appeals.

*Messrs. W. H. FitzSimmons* and *Purifoy Bros.,* for appellant. *Messrs. Purifoy Bros.* cite: *Proof of damages:* 8 Ency. 608; 25 S. C. 68. *Where jury disregards instructions new trial should be granted:* 57 S. C. 347; 29 S. C. 303; 83 S. C. 505.

*Messrs Howell & Gruber,* contra, cite: *This Court cannot review act of Circuit Judge in refusing motion for new trial.* 57 S. C. 289; 53 S. C. 215; 64 S. C. 26, 347; 65 S. C. 197; 68 S. C. 123; 69 S. C. 135; 73 S. C. 108. *Motion of nonsuit or to direct a verdict on cause of action as to actual damages:* 84 S. C. 484.

March 9, 1911. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action for damages, alleged to have been sustained by the plaintiffs, through the wrongful acts of the defendant, in failing and refusing to furnish a sufficient number of cars, to transport their lumber.

The defendant denied the allegations of negligence and intentional wrong, and set up as a defense, that at the time, in which plaintiffs allege, they made demand upon the defendant for cars, upon which to load shipments of lumber, there was an unprecedented and unlooked for scarcity of such cars, and that said car famine was universal throughout the country; and that the said defendant had done everything in its power, to provide said cars.

At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit, as to the cause of action for punitive damages, which was granted.

The jury rendered a verdict in favor of the plaintiffs for $1,725.00 and the defendant appealed.

The first, second, third, fourth and fifth exceptions are as follows:

1. "Because the Circuit Judge erred, in refusing the motion for a new trial, there being no evidence to support the verdict.

2. "Because the Circuit Judge erred, in refusing the motion for a new trial, the evidence as to the amount of damage, caused by defendant's alleged failure to deliver cars, being too indefinite and uncertain.

3. "Because the Circuit Judge erred, in not granting the motion for a new trial, because the facts upon which the plaintiffs relied for a verdict, were too remote, speculative, and consequential.

4. "Because the Circuit Judge erred, in refusing the motion for a new trial, the testimony of plaintiffs as to their damage, being too remote and speculative, and not being the proximate result, of defendant's alleged breach of duty, in its failure to furnish cars.

5. "Because the Circuit Judge erred, in refusing the motion for a new trial, because the element of punitive damages, having been eliminated by the Circuit Judge, upon defendant's motion for a nonsuit, there was no testimony to sustain the verdict."

Rule 77 of the Circuit Court, is as follows: "The point that there is no evidence, to support an alleged cause of action, shall be first made, either by a motion for nonsuit, or a motion to direct the verdict." * * .*   Construing this rule in the case of *Baker* v. *Tel. Co.,* 84 S. C. 477, 66 S. E. 184, the Court uses this language: "Counsel for appellant earnestly contends, that there were contradictions in evidence, on the part of the plaintiffs and such an entire failure of proof of damage to plaintiff, that the Circuit Judge should have granted the motion for a new trial. The exception on this point, cannot be considered, because there was no motion for nonsuit, and no request to direct a verdict, as to the alleged cause of action for actual damages." In that case, the defendant made a motion for the direction of a verdict, as to the cause of action for *punitive* damages, but

there was no such motion as to the cause of action for *actual* damages.

That case is conclusive of the question now under consideration. We may say, however, that even if the exceptions were considered upon the merits, they could not be sustained.

The sixth and seventh exceptions were abandoned.

The eighth exception is as follows: "The Circuit Judge having charged the jury, in substance, that the plaintiffs if they recover at all, could recover only such damages as they sustained, by reason of the negligence of the defendant as a proximate cause, it was error not to grant a new trial. The verdict was contrary to such charge, in that the pleading and proof having shown, that whatever loss was occasioned to the lumber, was caused by discoloration, which discoloration was the result of an act of plaintiffs in overloading and breaking down their skids, and was not due to the failure, in obtaining cars from the defendant; and the facts relied upon as basis for the verdict, being speculative, remote and consequential."

There is nothing whatever in the record, showing that the discoloration of the lumber, entered into the verdict of the jury, as an element of damages, nor that the verdict was contrary to the charge of his Honor the presiding Judge.

Furthermore, there is no exception, assigning error on the part of his Honor the Circuit Judge, in allowing testimony to be introduced, as to the discoloration of the lumber.

The ninth exception is as follows: "The Circuit Judge, having instructed the jury, that no punitive damages could be awarded plaintiffs, nor could any amount be given for the alleged breaking down of the skids, it was error on the part of the Circuit Judge, to refuse the motion for a new trial, the excessive amount of the verdict having clearly shown, that such charge was disregarded by the jury."

The question whether damages are excessive, is exclusively for the Circuit Court, unless they are in such an amount, as show fraud or corruption, or caprice or prejudice which certainly does not appear in this case.

Judgment affirmed.                    '