## 9396

### HOGG v. MUTUAL LIFE INS. CO. OF N. Y.

#### (89 S. E. 102.)

1. APPEAL AND ERROR — REVIEW — VERDICT AGAINST WEIGHT OF EVIDENCE.—An exception that the verdict was against the manifest weight of the testimony presents no question for review.

2. Under Circuit Court rule 77 the point that there is no evidence to support a cause of action must first be made by moving for a nonsuit or directed verdict (per MESSRS. JUSTICES HYDRICK and FRASER).

3. INSURANCE—EVIDENCE—SUFFICIENCY—CAUSE OF DEATH.—The verdict that assured was not killed while violating the law *held* sustained by the evidence.

4. INSURANCE—ACTIONS—QUESTION FOR JURY—FORFEITURE OF POLICY.— A verdict that assured did not breach the policy by selling intoxicating liquors *held* sustained by the evidence, where there was no proof that Jamaica ginger sold by him was intoxicating.

Before SHIPP, J., Barnwell, March, 1915. Affirmed.

Action by Annie E. Hogg against Mutual Life Insurance Company of New York. The facts are stated in the opinion. From judgment for plaintiff, defendant appealed on the following exception:

*That the Circuit Judge erred in refusing to grant the new trial moved for upon the following grounds: First, that the verdict was without evidence to support it; second, that the verdict was against the manifold weight of the evidence; third, that the only inference from the entire testimony was that the assured had failed to comply with the promissory*

FOOTNOTE.—As to Jamaica ginger or the like as intoxicating liquor, see note in 40 A. & E. Ann. Cas. 1916b, 370.

FOOTNOTE.—As to who is engaged in the liquor business within the meaning of an insurance contract, see note in 45 L. R. A. (N. S.) 1144; as to the scope and effect of provisions in policies forbidding the use of intoxicating liquors, see notes in 16 L. R. A. (N. S.) 206-212, 25 *Ib.* 1241; engaging in prohibited occupation as voiding life insurance policy where death does not result from such occupation, see notes in 25 A. & E. Ann Cas. 1912d, 491.

warranties contained in the application for the insurance, and that therefore nothing was due under the policy.

*Messrs. Mordecai & Gadsden & Rutledge,* for appellant, submit: *Possession of revenue license prima facie evidence holder was engaged in sale of liquors:* Crim. Code, sec. 838. *Representation in application as to quantity of liquors used, and as to occupation, etc., were promissory warranties running with the life of the policy:* 41 S. E. 55; 51 S. E. 812; 51 S. E. 866; 63 N. Y. 108; 2 May on Ins. 465; 50 Maryland 180; 42 W. Va. 426; 36 S. E. 513; 45 W. Va. 384; 32 S. E. 256; 4 Joyce on Ins., par. 3790. *Distinguish* 49 L. R. A. (N. S.) 911, and 50 *Ib.* 592. *Where there is no evidence to support verdict it should be set aside:* 66 S. C. 62; 70 S. C. 214.

*Messrs. R. C. Holman* and *W. H. Townsend,* for respondent, submit: *Sufficiency of proof cannot be question for first time on motion for new trial:* 75 S. C. 572; 92 S. C. 582; 96 S. C. 346. *Representations as to use of liquors not warranties:* 66 S. C. 459. *Similar representations:* 49 L. R. A. (N. S.) 902; 61 S. C. 344; 75 S. C. 344. *Construction of warranty against engaging in sale of liquors:* 33 S. D. 55; 144 N. W. 718; 50 L. R. A. (N. S.) 592; 76 S. C. 76; 56 S. E. 654; 10 L. R. A. (N. S.) 736; 11 A. & E. Ann. Cas. 780; 121 Am. St. Rep. 941. *Violation not proximate cause. of loss:* 101 S. C. 330. *Issues for jury:* 87 S. C. 174, 176; 93 S. C. 71; 101 S. C. 325, 329-334; 75 S. C. 141; 91 S. C. 99. *Charge too favorable to appellant:* 74 S. C. 300, 305.

June 16, 1916.

The opinion of the Court was delivered by Mr. Justice Gage.

One James Velpo Hogg had two policies of life insurance with the defendant company. The assured was killed by violence. His wife, who was the beneficiary, sued on the policies and got judgment.

The exceptions will be reported. . There are three of them. ·The second raises no question for us. Whether the verdict was against the manifest weight of the testimony was only a question for the trial Judge. The real question made by the appeal is whether "the only inference to be drawn from the entire testimony was that the assured had failed to comply with the promissory warranties contained in the application for insurance?"

The policies were issued May 23, 1912. The assured was killed in September, 1913. The assured promised in his application for insurance that "during the period of one year following the date of issue of the policy of insurance * * * I will not engage in * * * retailing intoxicating liquors." The assured also stated in his application for insurance, "my present occupation is merchant, * * * general merchandise, * * * farming." The defendant averred a breach of this promise and this statement; and the defendant claims the only reasonable inference to be drawn from the testimony is that the averments .were proven to be true. The defendant pleaded also a further defense, to wit, that the assured "came to his death while engaged in and as a consequence of a violation of law." And the defendant .claims here that the proof shows that and none other. There are no words of agreement in the application or in the policies that the policies should be avoided in the event the assured should meet his death while engaged in the violation of law. The argument is that, if death resulted proximately from the selling of intoxicating liquor, then the promise was breached, and no recovery may be had. So at last recourse must be had to the testimony to decide the issues made.

1. The evidence is that the assured, and his brother, too, were shot down in the dark by some unknown person. The witnesses did not know who fired the shots, and there could be no evidence that the two victims saw who fired them, for they died immediately. It was by the evidence a plain case of assassination. There is no

proof to the contrary. And there is no testimony that the killing had any sort of connection with selling whiskey. The special defense of death from a volation of law failed of proof completely.

2. The other defense was supported by no testimony, except that the assured had a revenue license from the Federal government. But the witnesses testified the license was exacted by the revenue collector for the sale of Jamaica ginger, to sell which without a license the assured did know was against the law. It was for the jury to find if the sale of Jamaica ginger by the assured was a retailing of intoxicating liquors. The Court could not instruct the jury that it was. There was no proof that ginger did or could intoxicate. There is no testimony that the assured ever sold whiskey or beer. Three or four witnesses testified he did not. The only semblance of testimony to establish the defense of retailing intoxicating liquors is that which the assured's father gave that his son sold Jamaica ginger. The Court did right to submit the cause to the jury.

The judgment of that Court is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur in the opinion of the Court.

MR. JUSTICE HYDRICK, *concurring in the result.* The questions made by the exceptions relate solely to the sufficiency of the evidence to support the plaintiff's cause of action. Rule 77 of the Circuit Court provides in part that: "The point that there is no evidence to support an alleged cause of action shall be first made either by a motion for nonsuit or a motion to direct the verdict."

The record fails to show that any motion was made for nonsuit or direction of the verdict. It shows that the grounds taken were made for the first time on a motion for

a new trial.   Therefore these grounds are not properly before this Court, and should not be considered.   *Sawyer v. Marion County Lumber Co.,* 83 S. C. 271, 65 S. E. 225; *Guess* v. *Railroad Co.,* 88 S. C. 87, 70 S. E. 427; *Wyatt* v. *Cely,* 86 S. C. 539; 68 S. E. 657.   For this reason, I concur in affirming the judgment.

MR. JUSTICE FRASER concurs in the result for the reason stated by MR. JUSTICE HYDRICK.