10631
STATE v. STEVENS.
(107 S. E. 906)

1. CRIMINAL LAW—MOTION FOR DIRECTED VERDICT SHOULD BE MADE AT CLOSE OF TRIAL.—The rules of Court require that a motion be 'made at the close of defendant's case for directed verdict in order to have the question of sufficiency of evidence to warrant a conviction considered on appeal, but the appellate Court may nevertheless consider such question when such rule is not complied with.

2. FINES—FINES GO TO COUNTY AND NOT TO PROSECUTOR.—All fines imposed go to the county, and the Court erred, in a prosecution for obtaining money by false pretenses, in incorporating in the sentence the requirement that defendant pay to the prosecutor a certain amount of money, and such part of the sentence was a nullity, as contrary to public policy.

Before PEURIFOY, J., Bamberg, Fall term, 1920. Reversed·and new trial granted.

J. B. Stevens indicted for obtaining goods under false pretense and upon conviction appeals.

*Mr. J. Wesley Crum, Jr.,* for appellant, cites: *Statement was of opinion and not a false pretense:* 95 S. C. 392.

*R. L. Gunter,* Solicitor, for respondent, cites: *Sufficiency of evidence will not be considered on appeal:* 24 S. C. 146; 40 S. C. 308; 61 S. C. 17; 62 S. C. 377.

June 30, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from the judgment and sentence of the Court of General Sessions, of the appellant, and order refusing his motion for a new trial upon his conviction of the charge of having obtained goods under false pretense.

The indictment of false pretense charges that the appellant gave a mortgage to J. Z. Brooker for "one buggy, one set of buggy harness, one Chattanooga two-horse wagon, and one secondhand Corbet buggy was his individual property and was unincumbered." Of the false pretense alleged in the indictment, only the issue as to the ownership of the Chattanooga two-horse wagon was presented at the

trial. No motion for a directed verdict was made by the defendant, as required by Rule 77 of the Circuit Court (73 S. E. vii) and Rule 27 of this Court (90 S. E. xii). The sentence of the Court was as follows:

"The sentence of the Court is that the prisoner, J. B. Stevens, pay a fine of two hundred sixty dollars, or be held to labor upon the public works of Bamberg County for a period of three months, or be confined at hard labor in the State Penitentiary for a like period, upon the payment of sixty dollars to Bamberg County. Let the sentence be suspended during good behavior."

The motion for a new trial and the exceptions raise the same points, that the verdict was contrary to the law and evidence, and absolute failure of evidence to support the verdict. Had a motion been made at the close of the case by defendant, his Honor should have granted it, for the evidence fails to prove the guilt of the accused, beyond a reasonable doubt, and, at most, only raises a grave suspicion of guilt, if that. While no motion was made for a directed verdict by the defendant, as required by rules of Court, we will consider the exceptions, as it is a criminal case and involves the liberty of a citizen.

The rules of Court must be followed in a civil case, and it is the better practice to follow them in a criminal case. The sentence imposed is contrary to public policy, requiring the defendant to pay $60 to the prosecutor. All fines imposed go to the county. The public is interested in the administration of justice, in detecting crime, and punishing the perpetrators. The prosecutor has no more interest in it than any other citizen. The sentence in part is a nullity and contrary to public policy and good morals and the orderly administration of justice. There must be a new trial because the evidence in the case is insufficient to support the verdict. Judgment reversed and new trial granted.

New trial.