· 12008

ROGERS ET AL. v. WUNDERLICH ET AL.

(133 S. E., 545)

1. APPEAL AND ERROR—TRIAL—ADMITTING EVIDENCE AND CHARGING THAT MEASURE OF DAMAGES FOR CUTTING TIMBER WAS VALUE OF PREMISES BEFORE AND AFTER TRESPASS HELD NOT PREJUDICIAL, WHERE GENERAL CHARGE SET OUT IN DETAIL THAT MEASURE OF DAMAGES WAS SEPARATE VALUE OF PROPERTY ACTUALLY TAKEN.—In action for damages for cutting timber on land, any error in admitting evidence, or in charge on measure of damages as being value of premises before and after trespass, *held* not prejudicial, in view of general instruction setting out in detail proper measure of damages as being separate value of property actually taken.

2. APPEAL AND ERROR.—Under Circuit Court Rule 77, assignment that verdict was not supported by evidence is not properly before Supreme Court where there was no motion for nonsuit or for directed verdict.

Before MEMMINGER, J., Marlboro, May, 1924.   Affirmed.

Action by Florence Rogers and others against Marie M. Wunderlich and others.   Judgment for plaintiffs, and defendants appeal.

*Messrs. W. M. Stevenson* and *M. C. Woods,* for appellants, cite: *Measure of damages for cutting and taking away standing timber:*   126 S. C., 330; 93 S. E., 131.

*Messrs. T. I. Rogers* and *L. M. Lawson,* for respondent, cite: *Measure of damage for cutting and taking away standing timber:*   119 S. E., 910. *Objections to charge should be made at trial:*   70 S. C., 75. *Objections to admission of testimony should be made at trial:*   117 S. C., 304; 113 S. C., 499; 113 S. C., 109.

June 7, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages, both actual and punitive, brought by the plaintiffs against the defendants for trespass upon the lands of the plaintiffs in cutting and appropriating timber upon said lands.

The complaint alleges that the plaintiffs were at the time of the trespass and are now owners in fee and in possession of the real estate described in the complaint; that about December 1, 1922, and at sundry times thereafter, the defendants entered upon and trespassed upon the said lands and did cut and carry away a large amount of trees, logs and timber, and, although warned by the plaintiffs not to do so, continued to cut and carry away the timber and logs of the plaintiffs in a reckless and wanton manner.

The defendants, answering the complaint, denied that they or any of them had committed any acts of trespass on the lands of the plaintiffs or that they had damaged the plaintiffs in any manner whatsoever.

The case was tried in the Court of Common Pleas for Marlboro County, resulting in a verdict for the plaintiffs in

the sum of $2,000 actual and $2,000 punitive damages, and judgment on the verdict was duly entered for this amount.

The defendants, Marie M. Wunderlich and H. S. Wunderlich, appeal to this Court by four exceptions, stating error in two particulars:   (1) Error in allowing testimony as to an estimate of damages through the cutting and appropriating of merchantable timber based upon the difference in the value of the premises before and after the cutting and removal of the timber, and error in the charge of the Circuit Judge on the same point; and (2) error in refusing to set aside the verdict for punitive damages, on motion for a new trial, on the ground that same was not supported by the testimony; and in refusing a new trial *nisi* as to "punitive and actual damages, when the evidence as to the punitive damage was insufficient and the amount found was excessive, and when an incorrect rule for ascertaining damages had been submitted to the jury."

The testimony complained of is as follows:

"Q. Mr. Whipple, Mr. Woods asked you what was the general value of that timber, taking it all on the tract—pine, oak, hickory, and everything else—and you told him $3 a thousand; if you take out the best timber on it what is it worth?   (Objected to.)

"The Court:   I think he has testified to it several times before; ask him again.

"The Witness:   The grade of the timber that has been cut in comparison with the balance of the tract as a whole, the fine timber would be worth twice as much as all the timber throwed together on an average would be worth.

"Q. And how much more besides double in value, how much more would the balance be depreciated? (Objected to.)

"The Court:   That has been admitted, because that comes into the difference in value before and after.

"Q. How much would the balance of the tract be depreciated by reason of the removal of the best?   A.  By computing the amount that has been cut of the fine timber at

$3 a thousand, then it would be at double the price of the whole aggregate per thousand.

"Q. I know that; you did not catch my meaning. How much additional damage would that be to the balance of the timber? A. The cost of putting the tract on there would be about $1 per thousand. (Objected to.)

"The Court: The idea Mr. Rogers is driving at is to what extent would you consider the property less in value after the cutting had been done than before it had been done.

"Mr. Rogers: That is exactly what I am after.

"The Court: What is your estimate on that; how much difference would there be?

"The Witness: Well, it would be first to double the fine timber; that would be $6; now there would be 300,000 less timber to be got off of the place. It would take the same expense to get the balance, and that 300,000 would have to bear its proportion of the expense, about $1 per thousand.

"The Court: What is your final answer? A. My final answer is that it would be about $7 on the 300,000 feet.

"The Court: The idea the Court wants to get at—here is a piece of property alleged to have been trespassed on and certain timber cut; what is the difference in value between the tract of land now and before it was cut; to what extent has it been depreciated?

"The Witness: If they have taken off 300,000 feet of the best timber, I would say it has depreciated about $7 per thousand for the number of thousand feet taken off."

That part of the Judge's charge complained of by the appellants as being erroneous is as follows:

"The question, then, is of ascertaining the actual damage sustained. Of course you will have to get to the extent of what cutting took place, and then what was the value of the stuff, and the law gives you the rule for measuring out the actual damages in the most general possible terms; it is the difference between the value of the premises before the cutting and removal of the trees was done and the value after-

wards. That is the general comprehensive rule, such as you know is applied in cases where the railroad sets out fire and burns premises; and the rule given there is the same as we have here. It is for the jury to ascertain the difference between the value of the premises before the fire and afterward. And in a trespass case such as this is, the difference in the value before the trespass was committed and the value afterwards, and in the getting at that you can take in such elements as the actual value, the market value of the timber removed from the premises and taken off, you can estimate the value of that, take it anywhere from the lowest to the highest market price, as you see fit, take into consideration such elements as the general depreciation of the other timber on the premises, if you decide there was such depreciation."

It appears from the reading of the charge of the trial Judge that the general rule as to the measure of damages laid down by him in the charge, and clearly in his mind in admitting the testimony objected to, follows the law as set out in the case of *Wilson v. Southern Railway Co.,* 65 S. C., 421; 43 S. E., 964, rather than the rule as laid down in the later case of *Hall v. Seaboard Air Line Railway Co.,* 126 S. C., 330; 119 S. E., 910; 33 A. L. R., 292. In both of these cases damages were sought for injuries to real estate by fire. The rule stated in the *Wilson Case* is that the measure of damages is the difference in the value of the entire premises immediately before and after the fire, while the rule laid down in the *Hall Case* is "to determine the independent and separate value of the property actually destroyed or damaged and the injury beyond replacement, if any, to the premises as a whole."

The Circuit Judge, however, in his charge in the present case did not stop with laying down the general rule as to the measure of damages as he understood the law, but proceeded to tell the jury how to arrive, in detail, at the amount of damages under his general instruction. And while the general language of his charge may vary from the rule in the *Hall*

*Case,* the detailed instructions which he gave immediately thereafter and in connection therewith were just such instructions as would have properly explained and elucidated the general rule of the *Hall Case.* Consequently, in fixing the amount of damages, the jury considered, under the charge as a whole, the very same factors which they would properly have considered if the Circuit Judge had charged the general rule as laid down in the *Hall Case.* The same reasoning applies to the admission of the testimony complained of by the appellants.

For the reasons herein stated, if there was any error in the admission of the evidence ·or in the charge, such error was not prejudicial to the appellants.

The second ground of error, raised by the third and fourth exceptions of the appellants, is without merit.

These exceptions cannot be sustained for two reasons: First, because there was ample testimony to support the findings of the jury as to willfulness and wantonness in the cutting and the taking of the timber of the plaintiffs, and as to actual damages the testimony amply supports the amount of the verdict found by the jury. Second, because the appellants failed to comply with Rule 77 of the Circuit Court, which provides:

"The point that there is no evidence ·to support an alleged cause of action shall be first made either by motion for nonsuit or a motion to direct the verdict."

The appellants made no motion for a nonsuit or for a directed verdict, and the questions raised by these exceptions are not properly before this Court. *Sawyer v. Marion County Lumber Co.,* 83 S. C., 271 ; 65 S. E., 225. *Hogg v. Mutual Life Insurance Co. of N. Y.,* 104 S. C., 484; 89 S. E., 102. *Scott v. Seymour,* 105 S. C., 42; 89 S. E., 398. *Bellamy v. Grand Lodge K. P.,* 110 S. C., 315 ; 96 S. E., 293.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

Mr. Chief Justice Gary and Messrs. Justices Watts, Cothran and Blease concur.