12030

STATE v. GREGORY

(134 S. E., 209)

1. CRIMINAL LAW.—Defendant, desiring to have question of sufficiency of evidence reviewed on appeal, should move for directed verdict, as required by Circuit Court Rule 77.
2. CRIMINAL LAW.—Refusal of motion for new trial was not error, where there was ample testimony to support verdict of guilty.

Before TOWNSEND, J., Aiken, January, 1925. Affirmed.

Price Gregory was convicted of transporting, and having in possession alcoholic liquors, and he appeals.

*Mr. William M. Smoak,* for appellant, cites: *Verdict not sustained by evidence should be set aside:* 132 S. E., 613; 132 S. E., 610. *State v. Smith,* 134 S. C., 72.

*Mr. B. D. Carter, Solicitor,* for the respondent, cites: *Motion for directed verdict prerequisite to appeal on ground of lack of evidence to submit case to jury:* 131 S. C., 47; 122 S. C., 497. *Evidence sufficient to sustain conviction:* 131 S. C., 546; 131 S. C., 382; 129 S. C., 43; 122 S. C., 497; 68 S. C., 122.

July 14, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendant, Price Gregory, was indicted and put on trial at the January, 1925, term of the Court of General Sessions for Aiken County, for violation of the prohibition law, convicted of transporting and having in his possession alcoholic liquors, and was sentenced by his Honor, Judge Townsend, to serve for a period of three months on the public works of the county. After conviction and before sentence, a motion was made for a new trial upon the ground that the jury disregarded the instructions of the Court, and that the evidence was insufficient upon which to base a verdict of guilty, and also that the defendant had etablished his defense of alibi by the preponderance of the testimony. This motion was overruled. He now comes to this Court on appeal and imputes error to the Circuit Judge as follows:

"1. That his Honor erred in overruling the motion of defendant for a new trial; the error being:

"(a) That defendant having interposed the defense of an alibi, that the record shows that the same was established by a clear preponderance of the evidence, that the jury disregarded the same, in order to convict the defendant, and that the Court erred in not granting defendant's

motion to set aside the verdict and refusing to order a new trial.

"(b) That there is no testimony to support a conviction of transporting and possessing of alcoholic liquor, sufficient to base a judgment and sentence of the Court.

"(c) That clearly the jury disregarded the charge of the Presiding Judge (1) in regard to the possession of intoxicating liquors; (2) as to the law relative to establishing an alibi, and that the Court should have set aside the verdict of the jury· and granted to the defendant a new trial."

The sole question raised by these exceptions is, did the Circuit Judge commit error in refusing to grant a new trial on the ground that the evidence did not support the verdict? If the defendant desired to have that point reviewed in this Court, he should have made a motion for a directed verdict at the proper time on the trial of the case in the Court below as required by rule 77 of the Circuit Court. *State v. Jackson,* 122 S. C., 493; 115 S. E., 750. *State v. Carson,* 131 S. C., 42; 126 S. E., 757. *Rogers et al. v. Wunderlich et al.* (S. C.), 133 S. E., 545, opinion filed June 7, 1926. Waiving, however, his failure to comply with the rule (*State v. Stevens,* 116 S. C., 210; 107 S. E., 906), we find upon a careful examination of the record that, under all the evidence, the Circuit Judge properly submitted the case to the jury and that there was ample testimony to support a verdict of guilty; hence there was no error of law on the part of the Circuit Judge in refusing the motion for new trial.

In *State v. Rush et al.,* 129 S. C., 43; 123 S. E., 765, the Court said (quoting syllabus) :

"Where there is any evidence tending to establish guilt on charges alleged, neither refusal to direct a verdict of acquittal nor a refusal to grant a new trial is an error of law."

The exceptions of the appellant cannot be sustained, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and BLEASE and MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE concur.

MR. CHIEF JUSTICE GARY did not participate.