## 12089

### STATE v. BOWMAN

#### (135 S. E., 360)

1. Criminal Law.—Failure of defendant to make motion for new trial, as required by Circuit Court Rule 77, precludes Supreme Court reviewing exception as to sufficiency of evidence.

2. Criminal Law.—In absence of showing that trial Judge did not exercise wise and just discretion, Supreme Court will not correct sentence on ground that it is excessive.

3. Intoxicating Liquors.—Sentence of defendant, 64 years of age, to 12 months at hard labor on public works for violation of prohibition law involving not more than a gallon of whisky, *held* not shown to be an abuse of discretion.

Before Johnson, J., Greenville, January, 1926. Affirmed.

David Bowman was convicted of violation of the prohibition law, and he appeals.

*Messrs. Bowen & Byrson,* for appellant.

*Mr. J. C. Leatherwood, Solicitor,* for respondent.

October 29, 1926.

The opinion of the Court was delivered by Mr. Justice Stabler.

The defendant was tried and convicted for violation of the prohibition law, and was sentenced by his Honor, Judge Johnson, to serve for a period of twelve months at hard labor on the public works of Greenville County. He appeals to this Court, and imputes error to the trial Judge by the following exceptions:

"(1) Because the evidence in said case was not sufficient upon which to base a verdict of guilty.

"(2) It is respectfully submitted that his Honor erred and abused his discretion in his sentence of the defendant to

a period of twelve months on the public works of Greenville County, or for a like period in the state penitentiary, in that said sentence was unjust, unreasonable and excessive."

The first exception cannot be sustained. It does not appear from the record that the appellant made a motion on trial of the case in the Court below for a directed verdict. This he should have done, as required by Rule 77 of the Circuit Court, if he desired to have the question raised by this exception renewed by the Supreme Court on appeal. *State v. Jackson,* 122 S. C., 493; 115 S. E., 750; *State v. Carson,* 131 S. C., 42; 126 S. E., 757; *Rogers et al. v. Wunderlich et al.,* 135 S. C., 307; 133 S. E., 545; *State v. Gregory,* 136 S. C., 31; 134 S. E., 209. If, however, this Court should waive his failure to comply with the rule (*State v. Stevens,* 116 S. C., 210; 107 S. E., 906; *State v. Gregory, supra*), no benefit would inure to the appellant, as an examination of the record discloses that there was ample testimony to support the verdict of the jury.

The appellant's second exception is equally without merit. It is contended that the sentence imposed was excessive and too severe, in view of the fact that the defendant was a man 64 years of age, and the amount of whisky involved was not more than one gallon.

In *State v. Davis,* 70 S. E., 811 (88 S. C., 229; 34 L. R. A. [N. S.], 295) it is said (quoting syllabus):

"The Supreme Court has no jurisdiction on appeal to correct a sentence on the ground that it is excessive, where it is within the limits prescribed by law for the discretion of the trial Court, and is not the result of partiality, prejudice, oppression, or corrupt motive."

See, also, *State v. Whaley,* 113 S. C., 103; 101 S. E., 568.

Within the limits prescribed by the statute, as was *said* in *State v. Johson,* 119 S. C., 55; 110 S. E., 460, "the length of the prison service rests in the sound discretion of

the Court, exercised under all the circumstances of the case."

It has not been made to appear that Judge Johnson, in imposing sentence upon the defendant, did not exercise a wise and just discretion.

All exceptions are overruled, and the judgment of the Circuit Court affirmed.

MESSERS JUSTICE WATTS, COTHRAN and BLEASE and MR. ACTING ASSOCIATE JUSTICE RAMAGE concur.

MR. CHIEF JUSTICE GARY did not participate.