### 12113

### STATE v. HAYES

#### (135 S. E., 799)

CRIMINAL LAW—DEFENDANT'S FAILURE TO MOVE FOR DIRECTED VERDICT WAS WAIVED, AND QUESTION OF SUFFICIENCY OF EVIDENCE TO SUSTAIN CONVICTION CONSIDERED ON ITS MERITS (CIRCUIT COURT RULE 77).— Failure of defendant asserting insufficiency of evidence to sustain conviction, to comply with Circuit Court Rule 77, relating to motion for directed verdict, was waived, defendant's liberty being involved.

Before FEATHERSTONE, J., Dillon, September 1925. Affirmed.

Joseph Hayes was convicted of manufacturing intoxicating liquor, and he appeals.

*Mr. W. C. Moore,* for appellant, cites: *Failure of counsel to move for directed verdict should not prejudice defendant*: 116 S. C. 210.

*Mr. M. J. Hough,* Solicitor, for respondent.

December 2, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendant was tried and convicted in the Court of General Sessions for Dillon County on a charge of manufacturing intoxicating liquors, and was sentenced by his Honor, Judge Featherstone, to six months' imprisonment. After conviction and before sentence a motion was made for a new trial on the ground that there was no testimony to support the verdict of the jury. This motion was refused. The defendant appeals, and by two exceptions imputes error to the Circuit Judge in refusing to grant his motion for a new trial.

At the trial of the case in the Circuit Court, the appellant made no motion for a directed verdict in accordance with the provisions of Rule 77 of that Court. However, the liberty of a citizen being involved, this Court will waive his failure to comply with the rule (*State v. Stevens,* 116 S. C., 210; 107 S. E., 906. *State v. Gregory,* 136 S. C., 31; 134 S. E., 209), and will consider the question raised by the appeal on its merits.

To state in detail the evidentiary facts of the case would be of no value, for, as said by the Court in *State v. Rush,* 129 S. C., 43; 123 S. E., 765:

"Since the facts of no two cases are ever so nearly identical or closely assimilated as to make the factual showing in one case a sound precedent for a ruling in another case upon the precise question here involved, a detailed statement and argumentative discussion of the evidentiary facts would serve no useful purpose."

A careful examination of the record convinces us that there was sufficient testimony to require the submission of

the case to the jury. The testimony for the State tended to prove the charge as laid in the indictment, and, if believed by the jury, was sufficient upon which to predicate a verdict of guilty. The motion for a new trial was properly denied.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN, and BLEASE, and MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE concur.