12513

THE STATE v. RAY ET AL.

(145 S. E., 192)

April, 1924.

*Mr. Walter Hazard,* for appellant,

*Messrs. Barr & Smith,* and *Solicitor L. M. Gasque,* for respondent.

October 29, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

In April, 1924, the defendant, George W. Ray, shot and killed one Thomas J. Miller, both of whom were residents of Georgetown County. The appellant, Columbus C. Ray, was present at the time and place of the killing. They were jointly indicted for the alleged murder of Miller, and tried at the November, 1924, term of the general sessions Court for that County. The jury found them both guilty of manslaughter, and George W. Ray was sentenced to imprisonment for a term of 15 years and Columbus for a term of 3 years.

After conviction, Columbus Ray made a motion for a new trial on the ground that the evidence as to him did not support the verdict, and this appeal is from an order of Hon. Robert Lide, special Judge, refusing the motion. The

exceptions, of which there are several, raise but one question: Did the Court err in refusing to grant a new trial on the ground stated?

It does not appear from the record that the appellant made a motion for a directed verdict on the trial of the case in the Court below; this he should have done, as required by Rule 77 of the Circuit Court, if he desired to have the question raised by the exceptions reviewed here. *State v. Jackson,* 122 S. C., 493, 115 S. E., 750. In view of the fact, however, that the liberty of a citizen is involved, this Court will waive his failure to comply with the rule and will consider the question on its merits. *State v. Stevens,* 116 S. C., 210, 107 S. E., 906.

The record discloses that the Rays and Miller were neighbors; that George W. Ray, who is the father of Columbus, and Miller were adjoining landowners; that, prior to the date of the tragedy, a controversy or misunderstanding had arisen between the two men concerning certain lands belonging to Ray, which he claimed Miller had encroached upon. The testimony tends to show that in the afternoon of April 24, the date of the shooting, Columbus, at the request of his father, carried a message to Miller, asking that he come to Ray's store, which was less than one mile from Miller's place, to confer with him with respect to the lands about which the controversy had arisen, as Ray now desired to sell the lands to Miller; that Miller went, held a conversation with Ray, and shortly afterwards returned to his own store; that Columbus later went again to Miller's store and the two were engaged in conversation, when George Ray came upon the scene with a gun and fired the fatal shot.

The contention of the State is that Columbus aided and abetted his father in the killing of the deceased, but we find no evidence to support this contention.

The delivery of his father's message to Miller was the extent of the responsibility of Columbus for the first meet-

ing of the two older men. There was certainly nothing wrong in the mere delivery of this message, which was entirely peaceable in its purport, and there is nothing in the testimony tending to show that the appellant was not acting innocently and absolutely in good faith in doing so.

The testimony is that he did not even go into his father's store, where Miller went pursuant to the message for a conference, but remained upon the porch; and when, later, it was suggested to him that he should not try to get the two old men together, as they were hot-headed, he replied that if they should 'start anything he would not let them hurt each other.

We find nothing in the testimony that tends to show any responsibility on the part of Columbus for the second meeting between George Ray and Miller, or that at such meeting he was acting in concert with his father, or that he went to the store of the deceased, where his father afterwards came and shot Miller in pursuit of a common purpose or arrangement between them, or that he aided or abetted his father in the killing or was present with such intent. Rather, the testimony tends to show the contrary. The mere fact that he was present at Miller's store at the time of the killing does not indicate that he was aiding or abetting therein; the testimony tends to show that he was there, sitting with Miller on the porch of the store in apparently friendly conversation at the time his father came. In fact, the record nowhere discloses any hostile feeling or animus on the part of the appellant toward the deceased.

If he had moved for a directed verdict at the close of the case, he would have been entitled to such direction. We therefore conclude that the Court erred in refusing the motion for a new trial.

The judgment is reversed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.