16577

STATE v. THOMPKINS *ET AL.*
(68 S. E. (2d) 465)

*Mr. J. Shepherd Thompson,* of Georgetown, *for Appellant,*

*Mr. J. Reuben Long, Solicitor,* of Conway, *for Respondent.*

December 31, 1951.

OXNER, Justice.

Appellants Bright Thompkins and Albert Thompkins, brothers, were jointly indicted for assault and battery with intent to kill and unlawfully pointing a firearm. The jury found Albert guilty of assault and battery with intent to kill and Bright of unlawfully pointing a firearm. The trial Judge imposed a sentence of eighteen months upon Albert and six months upon Bright. Both have appealed from an order refusing a motion for a new trial upon the ground that the evidence was insufficient to sustain the verdicts.

The indictment contained two counts. In the first count appellants were charged with assaulting, cutting and wounding one J. C. Skinner with a knife on December 24, 1947, and in the second count with unlawfully pointing a firearm at Skinner. They were not represented by counsel at the trial.

The prosecuting witness, Skinner, and appellants, all white men, live in the same community in Georgetown County. The testimony for the State was substantially to the following effect: About dusk on December 24, 1947, the

parties met near or just outside a Negro country store. An argument immediately developed. Albert cursed Skinner, who then went into the store. Bright followed and without any legal provocation or excuse cut Skinner in the back with a knife. Albert came in with a shotgun and in a threatening manner pointed it at Skinner. A bystander knocked the gun up. When he did so, it went off and the load hit the ceiling. Skinner and the other witnesses for the State testified positively that it was Bright who had the knife and did the cutting and Albert who had the gun.

Appellants were the only witnesses for the defense. They testified that the difficulty started when Skinner opened his knife, started cursing, and sicked a dog on Albert, and that Bright then went to the car, got a shotgun, and came in the store where the gun was wrested from him by five or six Negroes. They said that Bright got the gun to frighten the Negroes, several of whom had knives, and stop the row. Albert admitted that he "knocked Joe Skinner on the head a couple of times, enough to break my fist", but denied that either he or his brother cut him. Bright said that he was hit several times by the Negroes when they were seeking to seize the gun. According to appellants, Skinner was drunk.

The testimony of the State in reply was to the effect that no one had a knife in the store except Bright Thompkins who did the cutting.

The contention that the verdicts are not supported by the evidence is based on the fact that although all of the testimony for the State showed it was Albert who pointed the gun at Skinner and Bright who did the cutting, the jury convicted Albert of assault and battery with intent to kill and Bright of unlawfully pointing the gun.

There was no motion by appellants during the trial for a directed verdict as to either count in the indictment. Under Circuit Court Rule 76, the point that there was no evidence to support a count in the indictment should have been raised by a motion for a directed ver-

dict. However, in a number of criminal cases we have waived compliance with the Rule. *State v. Bowman,* 137 S. C. 364, 135 S. E. 360; *State v. Ray,* 147 S. C. 329, 145 S. E. 192; *State v. O'Shields,* 163 S. C. 408, 161 S. E. 692; *State v. Blackwell,* S. C., 67 S. E. (2d) 684. Under the circumstances of this case, we think it proper to waive appellants' failure to move for a directed verdict as to any count in the indictment claimed to be unsupported by the evidence, and we shall consider the question on the merits.

It must be conceded that the verdicts are not entirely consistent with the State's testimony, but in determining the sufficiency of the evidence to support the verdicts, we must consider the entire testimony, including that offered by appellants. *Spangler v. Commonwealth,* 188 Va. 436, 50 S. E. (2d) 265; Annotation 17 A. L. R. 910; 53 Am. Jur., Trial, Sections 425 and 426; 23 C. J. S., Criminal Law, § 1148. As stated in *Commonwealth v. George,* 42 Pa. Co. Ct. R. 643: "We know of no reason why the defendant in a criminal court, who is not content to leave the commonwealth's case where he finds it, should escape a just conviction simply because he has, unfortunately for himself, completed the proof of his own guilt."

We think the evidence clearly sustains the conviction of appellant Albert Thompkins on the count charging assault and battery with intent to kill. It seems to be undisputed that someone cut Skinner in the back with a knife and it may be reasonably inferred from the testimony that this was done by one of the appellants. Assuming, as testified by the witnesses for the State, that Bright Thompkins had the knife and did the cutting, there is ample evidence reasonably warranting the conclusion that Albert Thompkins was acting in concert with him and was present aiding and abetting in the commission of this offense. In *State v. Gilbert,* 107 S. C. 443, 93 S. E. 125, the Court said: "It is the law that in crimes or misdemeanors under the degree of felony all persons concerned therein, if guilty at all, are principals. All persons who are present at the

commission of an unlawful act in aiding or abetting in the act or assisting or to afford assistance if necessary in pursuance of a common design to commit an unlawful act are principals." To the same effect, see *State v. Newman,* S. C., 80 S. E. 482; *State v. Williams,* 189 S. C. 19, 199 S. E. 906. This well established principle of criminal law was fully covered by the trial Judge in his charge.

It is true that if the jury found Albert guilty of assault and battery with intent to kill on the above theory, they should also have convicted Bright of the same offense. But their failure to do so did not have the effect of exonerating Albert. It was held in *State v. Smith,* 125 S. C. 307, 118 S. E. 626, quoting syllabus: "Where defendants were jointly indicted for assault and battery with intent to kill, no conspiracy was alleged, and it was undisputed that the pistol in question was fired by one of the defendants, the direction of a verdict for one defendant did not have the effect of acquitting the other, even conceding that the testimony against each was of equal strength." It is stated in 14 Am. Jur., Criminal Law, Section 92: "The fact that the principal in the first degree has been acquitted presents no impediment to the trial and conviction of a person charged with aiding and abetting the commission of the crime." In speaking of inconsistency in verdicts, the Court in *State v. Rush,* 129 S. C. 43, 123 S. E. 765, 766, said: "In such a case, even where the evidence as to all the defendants is the same, we know of no sound reason or principle of law, applicable to criminal trials in this jurisdiction, which would necessarily require that a verdict acquitting one and convicting others should be set aside. Assuming that there was evidence sufficient to convict, and that it was identically the same as to the guilt of each defendant jointly indicted, because the jury, in the exercise of their exclusive prerogative to decide the facts, see fit to acquit one and convict the others, it is not apparent why such a finding should impose any duty on the court to set aside the verdict as to the parties convicted. The extent to which juries in the

rendition of verdicts should be required to conform to the dominion of Emerson's 'hobgoblin of little minds,' is a matter for the trial judge, in the exercise of his sound discretion, to grant new trials when it appears that a verdict is so capricious as to indicate or involve a miscarriage of justice."

The appeal of Bright presents a somewhat different situation. The trial Judge first charged the jury that if one of the appellants unlawfully pointed the gun at Skinner and the other was present aiding and abetting in the commission of that offense, both would be guilty. He later changed his mind and instructed the jury that they could not find both appellants guilty of this offense. We shall not undertake to determine the correctness of this instruction and shall assume, as the law of this case, that only one of the appellants could have been found guilty of this offense.

The evidence abundantly supports the conclusion that one of the appellants pointed a gun at Skinner. Bright said he had the gun, while according to the State's testimony, it was Albert who had the gun. The jury evidently concluded to accept the testimony of appellants as to which of them had the gun but accepted so much of the State's testimony as showed that the gun was unlawfully pointed at Skinner. This we think the jury was at liberty to do. That body was not bound to accept in full the testimony of either the State or defense.

The trial Judge, an able jurist with a long experience, refused to set these verdicts aside and grant a new trial. That was a matter addressed to his discretion. Our inquiry is confined solely to the question of whether there is any evidence reasonably supporting the verdicts. We think there was.

Affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.